IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARVIN JUNIUS SIMMONS, | : | CIVIL ACTION NO. **1:CV-10-0771** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| RONNIE HOLT, et al., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

## I. Background.

On April 12, 2010, Plaintiff, Marvin Junius Simmons, currently an inmate at the Lackawanna County Prison, Scranton, Pennsylvania ("LCP"), and formerly an inmate confined at USP-Canaan, Waymart, Pennsylvania, filed, *pro se,* another civil rights action with this Court this time under *Bivens*[1] and pursuant to 28 U.S.C. § 1331. (Doc. 1).[2] Plaintiff again filed a Motion for Leave to

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff Simmons' instant action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added). This case is a *Bivens* action since Plaintiff seeks monetary damages from federal officials for alleged violations of his constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.). In fact, Plaintiff recognizes on the cover page of his present Complaint that it is filed under *Bivens*. (Doc. 1, p. 1).

[2] Plaintiff Simmons has also recently filed three other civil rights actions with this Court, to wit: M.D. Pa. Civil Nos. 1:CV-10-0739; 1:CV-10-0770; and 1:CV-10-0772. Plaintiff's three other cases are currently pending with the Court. Plaintiff's three other cases are civil rights actions pursuant to 42 U.S.C. § 1983 since he complains in them about the conditions of his confinement at LCP. However, since Plaintiff is alleging unconstitutional conduct by federal prison staff at USP-Canaan in his present case, #10-0771, when he was previously confined there in November 2008, it is a *Bivens* civil rights action under 28 U.S.C. §1331. *See Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.). Also, Plaintiff indicates that he was transferred out of

Proceed *in forma pauperis* (Doc. 5).

Plaintiff's claims are set forth on five (5) handwritten pages which comprise his § 1331 Complaint. (Doc. 1). Plaintiff's handwritten pages 2-4[3] of his Complaint, contain his statement of claims. *See* Doc. 1, pp. 2-4.[4] Plaintiff names three (3) Defendants in his Complaint. Specifically, Defendants are: Warden Ronnie Holt; Associate Warden Angela Dunbar; and Lt. David Mrad. The three individual Defendants are employed by the Bureau of Prisons ("BOP") at USP-Canaan. (Doc. 1, p. 2).

**II. Allegations of Complaint.**

Plaintiff asserts an Eighth Amendment excessive force claim, as well as an Eighth Amendment denial of medical care claim and an Eighth Amendment conditions of confinement claim against Defendant Holt. Plaintiff states his claims against Defendant Holt as follows:

> On 11-6-2008 while I was in USP Canaan Federal Prison at Waymart, PA, housed in the SHU lockdown maximum security unit the Warden Ronnie Holt retaliated against me for attempting to assault and murder law enforcement officials on November 4, 2008. Warden Ronnie Holt instructed five correctional officers to opened my food slot placed me in

---

USP-Canaan on "January 9th 2008", which we construe to be January 9, 2009. (Doc. 1, p. 4).

[3]We have labeled and refer to Plaintiff's five handwritten pages which make up his Complaint as Doc. 1, pages 1 through 5 herein.

[4]In his present Complaint (Doc. 1), Plaintiff does not indicate that he utilized the grievance procedure available through the BOP at USP-Canaan and, he does not state that he filed grievances with respect to any of his present claims. Plaintiff must fully exhaust his administrative remedies with respect to all of his claims prior to filing a civil rights suit. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). However, Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Spencer v. Zimmerman*, 2009 WL 2994227 (M.D. Pa.).

2

>hand cuffs behind my back at that point the Warden Ronnie Holt
>instructed officers to open my cell door and beat me up. Five officers
>entered my cell and started punching me in my face an head. I fell
>on the floor and officers repeatedly started stomping and kicking me
>in my back. I suffered from a chip tooth busted lips, swollen black
>eyes, a lot of blood shed, I'm still suffering from a spine injury.
>
>On November 6, 2008 Warden Ronnie Holt denied my request to
>take pictures of my cuts and wounds. Ronnie Holt instructed all
>the officers who were on duty in the maximum security SHU housing
>unit to refuse to assist me with medical attention.
>
>On November 6 2008 Warden Ronnie Holt instructed officers on
>the SHU maximum security unit not to feed me any food to eat or
>any water to drink for nine days.

(Doc. 1, pp. 2-3).

With respect to Defendant Dunbar, Plaintiff asserts an Eighth Amendment denial of medical care claim and Eighth Amendment conditions of confinement claims against her. Specifically, as his statement of claims against Defendant Dunbar, Plaintiff alleges:

>On November 15th 2008 while I was in the SHU maximum security
>unit Associate Warden Angela Dunbar instructed officers to move me to
>a strip cell in the SHU maximum security unit and instructed officers
>to strip me naked and four point restrain me to the bunk. In four
>point restraints on a cold concrete bunk for 96 hours with no mattress.
>
>On November 16th 2008 Associate Warden Angela Dunbar denied me
>medical attention through a phone call to officers on duty in the
>maximum security SHU unit for complaints that I reported to officers
>on duty for major spine pain.
>
>From November 5th 2008 until I got transferred out of USP Canaan
>Federal Prison January 9th 2008 [2009] the Warden Ronnie Holt and
>the Associate Warden Angela Dunbar denied and deprived me of my
>constitutional rights to go outside for recreation for proper ventilation
>and fresh air, and regular exercise.

(*Id*., pp. 3-4).

Plaintiff also asserts a First Amendment denial of access to the courts claim against both Defendants Holt and Dunbar. Plaintiff avers as follows:

> On November 17th 2008 Warden Ronnie Holt and Associate Warden Angela Dunbar denied and deprived me of my request to obtain legal material and access to the courts. Official obstruction of my adherence deprivation of my First Amendment rights.

(*Id.*, p. 4).

As his final claim, Plaintiff raises an Eighth Amendment conditions of confinement claim against Defendant Mrad and avers:

> On November 6, 2008 while I was housed in the SHU maximum security unit Lieutenant David Mrad personally delivered my lunch tray to my cell door opened up my food tray in front of me. Lieutenant David Mrad spit in my food and told me that he put some rat poison in my food. I refused to except (sic) or eat the lunch.

(*Id.*).

As relief, Plaintiff requests this Court to transfer him to another federal prison "in fear of retaliation, and he states that he "want[s] a restraining order against [Defendants Holt, Dunbar and Mrad]." (*Id.*, p. 5).[5] Plaintiff also requests monetary damages from Defendants. Specifically,

---

[5] Plaintiff's request for a transfer to a different federal prison would appear to be moot since he states that he was transferred out of USP-Canaan on January 9, 2009, since he is now confined at LCP, and since he does not indicate that he is likely to be re-confined at USP-Canaan. *See Hart v. Whalen*, 2008 WL 4107651 (M.D. Pa.). Regardless, Plaintiff's request for a transfer by the BOP to a different federal prison should be dismissed. Insofar as Plaintiff seeks as relief the Court to order his transfer from USP-Canaan to a different federal prison, it is well settled that an inmate does not have a constitutional right to be incarcerated in any particular prison. *See Podhorn v. Grondolsky*, 2009 WL 3471299, *2 (3d Cir.) (Per Curiam) citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Kimball v. Walters*, 2007 WL 87897. (M.D. Pa.)(inmate had no constitutional right to be transferred to any particular cell or to any particular prison). We will recommend that Plaintiff's request for relief be dismissed insofar as he seeks the Court to order his transfer from USP-Canaan to a different federal prison.

Plaintiff seeks compensatory damages in the amount of $200,000.00 from each Defendant. Plaintiff does not state if he sues Defendants in their individual and/or official capacities.[6] As noted, Plaintiff does not indicate that he has exhausted all of his available BOP administrative remedies with respect to any of his claims.

We now screen Plaintiff's latest pleading as we are obliged to do.

**III. PLRA.**

As stated, the Plaintiff has filed another application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 5). The Prison Litigation Reform Act of 1995,[7] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis*

---

[6]Plaintiff cannot sue the BOP Defendants for monetary damages in their official capacities. As the Court in *Breyer v. Meissner*, 23 F. Supp. 2d 540, 544 (E.D. Pa. 1998), stated:

> To the extent that the proposed claims seek monetary damages against the United States or individual defendants in their official capacities, the claims are barred by the doctrine of sovereign immunity. *Federal Deposit Insurance Corp. v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994). Plaintiff does not allege that the United States has waived its immunity in this case. Furthermore, the Supreme Court has held that a *Bivens* action may not be brought against a federal agency. *Id.* 510 U.S. at 484-86, 114 S. Ct. at 1005-06.

*See also Douglas v. BOP,* Civil NO. 08-0140 (M.D. Pa.).
Also, since Plaintiff seeks unliquidated damages, he cannot claim a specific sum of relief. Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's request for specific monetary damages should be stricken from his Complaint. *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure; *Said v. Donate*, Civil No. 07-1550, M.D. Pa.

[7]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

pursuant to 28 U.S.C. § 1915.⁸ Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

## IV. *Bivens* Standard.

As stated, Plaintiff's instant case is a § 1331 civil rights action under *Bivens*.⁹

In *Naranjo v. Martinez*, 2009 WL 4268598, *6, the Court stated:

> *Bivens* creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). A civil rights claim brought under Bivens is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles

---

⁸The Plaintiff filed an application to proceed *in forma pauperis* with this Court and an authorization to have funds deducted from his prison accounts. The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 5, 6 and 7).

⁹The Third Circuit in *Banks v. Roberts*, 2007 WL 3096585, * 1, n. 1, 251 Fed. Appx. 774 (3d Cir. 10-19-07) (Non-Precedential) noted that, "[a] '*Bivens* action' is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. This constitutional tort theory was set out in *Bivens* . . . ." *See also Naranjo v. Martinez*, 2009 WL 4268598, *1, n.1 (M.D. Pa.)(*Bivens* is the shorthand given to claims made against a federal agent for violations of a federal right, including constitutional rights.") (citation omitted).

> governing a § 1983 claim apply to a *Bivens* claim. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3 (M.D.Pa. Jan.9, 2007). To state a claim under *Bivens,* the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States. *Brown*, 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at *3.
>
> Civil rights claims may only be brought against "persons." 42 U.S.C. § 1983. Individual liability in a civil rights action is personal in nature, and a defendant is liable only if he was personally, affirmatively involved in the alleged malfeasance. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir.2005); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir.1997), abrogated in part on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009) (collecting cases).

Further, a *Bivens* action is analogous to a civil rights action under 42 U.S.C. §1983. *Id.*; *Reynolds v. BOP*, 2010 WL 744127, *3 (E.D. Pa.). *See also Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051,*3("a prerequisite for a viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the deprivation of a Plaintiff's constitutional rights.")(citation omitted).

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.).

## V. Motion to Dismiss Standard.

The Court in *Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009), set forth the Motion to Dismiss standard of review, as annunciated by the Supreme Court in *Bell Atlantic Corp.*

7

*v. Twombly*, 550 U.S. –, 127 S. Ct. 1955 (2007), and as refined in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), as follows:

> The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. *Neitzke; Scheuer v. Rhodes*, 419 U.S. 232 (1974). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, ----, --- L.Ed.2d ----, ----, 2009 WL 1361536 (May 18, 2009) (specifically applying *Twombly* analysis beyond the context of the Sherman Act). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir.1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See *California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir.2004) citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. *Twombly*, 550 U.S. at 556, citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.
>
> In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." *Smith v. Sullivan*, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 232, quoting *Twombly*, 550 U.S. at 556 n. 3.

## VI. Discussion.

   *1. Eighth Amendment Claims Defendant Warden Holt*

   We construe Plaintiff as raising an Eighth Amendment excessive force claim as well as an Eighth Amendment denial of medical care claim and an Eighth Amendment conditions of confinement claim against Defendant Holt regarding the alleged November 6, 2008 beating incident.[10] Plaintiff also asserts an Eighth Amendment conditions of confinement claim against Defendant Holt regarding the alleged refusal to allow Plaintiff to go outside for recreation time and exercise from November 5, 2008 through January 9, 2009, when Plaintiff was transferred from USP-Canaan.[11]

   Based on the above stated allegations, we find that for present screening purposes, Plaintiff has sufficiently stated an Eighth Amendment excessive force claim as well as an Eighth Amendment denial of medical care claim and two (2) Eighth Amendment conditions of confinements claim against Defendant Holt. See *Freeman v. Bronkoski*, 2008 WL 4414725, *4 (M.D. Pa.)(court stated standard for an Eighth Amendment excessive force claim); *Iseley v. Beard*, 2009 WL 1675731, *7

---

   [10]As noted, Plaintiff does not state that he has not fully exhausted his administrative remedies available with the BOP at USP-Canaan with respect to any of his claims against any Defendant. Also, as noted, Plaintiff is required to exhaust all of his administrative remedies available through the BOP grievance procedure with respect to each of his claims prior to filing an action in federal court. *See Spruill v. Gillis*, 372 F. 3d 218, 222 (3d Cir. 2004); *Dortch v. York County Prison*, 2009 WL 159196, *4 (M.D. Pa.). Further, as noted above, exhaustion is an affirmative defense for Defendants to raise. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Dortch*, 2009 WL 159196, *4 ; *Spencer v. Zimmerman*, 2009 WL 2994227 (M.D. Pa.); *Williams v. Klem*, 2008 WL 4453100, *7, n. 5.

   [11]Based on Plaintiff's other cases, it appears that Plaintiff was directly transferred from USP-Canaan to LCP.

(M.D. Pa.)(court stated standard for an Eighth Amendment denial of medical care claim); and *Williams v. Klem*, 2008 WL 4453100, *6 -*7 (M.D. Pa.)(court stated standard for an Eighth Amendment conditions of confinement claim). We also find that Plaintiff has sufficiently state the personal involvement of this supervisory Defendant, Warden Holt, with respect to his stated claims.

Therefore, we will recommend that Plaintiff's Eighth Amendment excessive force claim as well as his Eighth Amendment denial of medical care claim and his two (2) Eighth Amendment conditions of confinement claims against Defendant Holt regarding the alleged November 6, 2008 beating incident, refusal of medical care incident, and order of SHU officers not to give Plaintiff any food or water for nine (9) days and refusal to allow Plaintiff to go outside for recreation and exercise for two months.[12]

   2. *Eighth Amendment Claims Defendant Associate Warden Dunbar*

As stated, Plaintiff asserts an Eighth Amendment denial of medical care claim and two (2) Eighth Amendment conditions of confinement claims against Defendant Dunbar. We do not find that Plaintiff has sufficiently stated Defendant Dunbar's personal involvement with respect to his November 16, 2008 Eighth Amendment denial of medical care claim.

---

[12]As the Court stated in *Williams v. Klem*, 2008 WL 4453100, *8, "Prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. *Farmer,* 511 U.S. at 832. Prison conditions may amount to cruel and unusual punishment if they cause 'unquestioned and serious deprivations of basic human needs ... [that] deprive inmates of the minimal civilized measure of life's necessities.' *Tillman v. Lebanon County Correctional Facility,* 221 F.3d 410 (3d Cir.2000)."

In *Iseley v. Beard*, 2009 WL 1675731, *7 (M.D. Pa.), the Court stated that:

> A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."*Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment ..." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

In *Williams v. Klem*, 2008 WL 4453100, *7, the Court stated:

> The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999) (citing *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. *See Spruill v. Gillis,* 372 F.3d 218, 235-36 (3d Cir.2004); *Natale v. Camden Cty. Correctional Facility,* 318 F.3d 575, 582 (3d Cir.2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 346 (3d Cir.1987); *West v. Keve,* 571 F.2d 158, 161 (3d Cir.1979). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. *Monmouth Cty. Corr. Inst. Inmates,* 834 F.2d at 347. "Additionally, 'if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment.' " *Young v. Kazmerski,* 266 Fed. Appx. 191, 193 (3d Cir.2008) (quoting *Monmouth Cty. Corr. Inst. Inmates,* 834 F.2d at 347).

As quoted above, Plaintiff simply avers that on November 16, 2008, Defendant Dunbar denied him medical attention through a phone call to the SHU officers with respect to his

complaints he made to the officers about spine pain. (Doc. 1, p. 3). We do not find that Plaintiff has stated the above described elements to establish an Eighth Amendment denial of medical care claim against Defendant Dunbar. Plaintiff has not stated that he suffered from an objectively serious medical need on November 16, 2008, of which Dunbar was aware, and he has not alleged sufficient facts to show that Dunbar, who was admittedly not present at USP-Canaan at the time, was deliberately indifferent to his medical needs. Thus, we will recommend that Plaintiff's Eighth Amendment denial of medical care claim against Defendant Dunbar with respect to the November 16, 2008 incident be dismissed.

We find that Plaintiff has sufficiently stated two Eighth Amendment conditions of confinement claims against Defendant Dunbar, the first one with respect to the November 15, 2008incident in which Plaintiff alleges that Dunbar instructed officers to put him in a strip cell naked in four point restraints attached to a bunk without a mattress for 96 hours, and the second with respect to the alleged refusal by Defendants Holt and Dunbar to allow Plaintiff to go outside for recreation and exercise for two months, *i.e.* from November 6, 2008 through January 9, 2009, when he was transferred from USP-Canaan.

> 3. *First Amendment Denial of Access to the Courts Claim against Defendant Warden Holt and Defendant Associate Warden Dunbar*

As mentioned, Plaintiff merely alleges that on November 17, 2008, Defendants Holt and Dunbar denied his request "to obtain legal material and access to the courts." (Doc. 1, p. 4). Plaintiff has failed to state any actual injury to any of his other three civil rights actions (M.D. Pa. Civil Nos. 1:CV-10-0739; 1:CV-10-0770; and 1:CV-10-0772) he has recently filed with this Court, and we take judicial notice that this Court did not dismiss any of Plaintiff's other cases due to his

failure to file a legal document. Also, the fact that Plaintiff Simmons has recently filed four civil rights action with this Court against prison officials at USP-Canaan and officials at LCP belies any claim that his First Amendment right to access to the courts has been violated.

Moreover, as the Third Circuit Court stated in *Salkeld v. Tennis*, C.A. No. 07-1776, (3d Cir. 9-13-07), slip op. p. 3, 2007 WL 2682994, * 1 (3d Cir. 2007) (Non-precedential):

> An inmate alleging a violation of *Bounds v. Smith*, 430 U.S. 817 (1977), must show an actual injury, a requirement that derives from the doctrine of standing. *Lewis v. Casey*, 518 U.S. 343, 349 (1969). Specifically, the inmate must show that the alleged shortcomings in the prison policy "hindered his efforts to pursue a legal claim." *Id.* at 351. *See also Reynolds v. Wagner*, 128 F.3d 166, 183 (3d Cir. 1997) (no First Amendment right to subsidized mail). However, the injury requirement is not satisfied by just any type of frustrated legal claim; the legal claim must relate to a direct or collateral challenge to a prisoner's sentence of conditions of confinement. *Lewis*, 518 U.S. at 349 ("Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.") (emphasis in original).

In *O'Connell v. Sobina* , 2008 WL 144199, * 10 (W. D. Pa.), the Court stated:

> In *Christopher v. Harbury*, 536 U.S. 403, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002), the Supreme Court set forth specific criteria that a court must consider in determining whether a plaintiff has alleged a viable claim of right to access to the courts. Specifically, the Supreme Court held that, in order to state a claim for denial of access to courts, a party must identify all of the following in the complaint: 1) a non-frivolous, underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Christopher*, 536 U.S. at 415.

In his present Complaint, Plaintiff Simmons does not allege that he suffered any actual injury to any court case. In fact, as stated, Plaintiff's present case, his fourth recent action with this Court,

belies his claim that he was denied access to the court by any prison officials. Based on Plaintiff's four cases he has recently filed with this Court, we take judicial notice that Plaintiff Simmons has had unfettered access to this Court, and that he has been able to submit several filings with this Court. Thus, since Plaintiff does not state that any underlying claims were harmed by any alleged conduct of Defendants Holt and Dunbar, he fails to state a First Amendment claim for denial of access to the court.

No actual harm is alleged to have occurred to any case of Plaintiff as a result of the two stated Defendants' alleged conduct in this case. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002)(requiring allegations that the document inmate was unable to file was non-frivolous to state an access to courts claim); *Romansky v. Stickman*, 147 Fed. Appx. 310, 312 (3d Cir. 2005)(Non-Precedential)("*Christopher* [case] requires that 'the predicate claim be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope.")(citing *Christopher* at 416); *O'Connell*, 2008 WL 144199, * 10. As stated, we also take judicial notice that no harm occurred to Plaintiff's other three cases due to a failure to file a legal document.

In *Naranjo v. Martinez*, 2009 WL 4268598, *3 (M.D. Pa.), the Court stated:

> Prisoners, pursuant to the First and Fourteenth Amendments to the Constitution of the United States, are entitled to a "right of access to the courts." *Monroe v. Beard,* 536 F.3d 198, 205 (3d Cir.2008) (internal citations omitted). "[P]risoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement." *Id.* When a prisoner asserts that a defendant has inhibited the prisoner's ability to offer a "past legal claim," the prisoner is required to "show (1) that [he or she has] suffered an 'actual injury'-that [he or she] lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that [he or she has] no other remedy that may be

14

> awarded as recompense for the lost claim other than in the present denial of access suit." *Id.* Therefore, a prisoner must meet particular requirements in the pleading: "[t]he complaint must describe the underlying arguable claim well enough to show that it is more than mere hope, and it must describe the lost remedy." *Id.* at 205-206.

Thus, we will recommend that Plaintiff's First Amendment denial of access to the courts claim be dismissed as against Defendants Holt and Dunbar.

4. *Eighth Amendment Condition of Confinement Claim against Defendant Lt. Mrad*

Plaintiff alleges that on November 6, 2008, during his confinement in the SHU, Defendant Mrad brought Plaintiff his lunch tray and spit in his food, and Mrad told Plaintiff that he put rat poison in his food. Plaintiff avers that he refused to eat this lunch on this one occasion.

In *Williams v. Klem*, 2008 WL 4453100, *6-*7, the Court stated:

The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on prison officials to provide prisoners with the basic necessities of life, such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Helling v. McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). To establish an Eighth Amendment claim, Williams must show that the conditions of his confinement pose "a substantial risk of serious harm" to his health or safety. *Farmer,* 511 U.S. at 834. In reviewing this type of claim, the courts have stressed that the duration of the complainant's exposure to the alleged unconstitutional conditions and the "totality of the circumstances" are critical to a finding of cruel and inhumane treatment. Moreover, the focus must be on the deprivation of a particular basic necessity. As explained in *Wilson v. Seiter,* 501 U.S. 294, 304-05, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991):

Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets. To say that some prison conditions may interact in this fashion is a far cry from saying that all prison conditions are a seamless web for Eighth Amendment purposes. Nothing so amorphous as 'overall conditions' can rise to the level of cruel and usual punishment when no specific deprivation of a single human need exists.

15

In addition to showing conditions that pose a risk of serious harm, the inmate must show that the prison official responsible for the conditions of confinement acted with "a sufficiently culpable state of mind." *Id.* at 298. A prison official violates the Eighth Amendment when he acts with deliberate indifference to a known objectively serious risk to a prisoner's health or safety. *See Farmer,* 511 U.S. at 837.

Plaintiff has only alleged that Defendant Mrad tainted his food on one single occasion and he states that he did not eat this meal. Plaintiff has clearly failed to allege that this one incident posed a substantial risk of serious harm to his health or safety. Moreover, Plaintiff only alleged one such incident and that he was only deprived a single meal by Defendant Mrad at lunch time on November 6, 2008. While Plaintiff has also alleged that on November 6, 2008, Defendant Holt directed officers not to feed him any food or give him any water to drink for nine days, he does not state that Defendant Mrad had any personal involvement with this alleged extended deprivation of his meals.[13]

Thus, we will recommend that Plaintiff's Eighth Amendment condition of confinement claim against Defendant Lt. Mrad be dismissed, and that Mrad be dismissed entirely from this action since there are no other claims asserted against him.

## VII. Recommendation.

Based on the foregoing, it is respectfully recommended that Plaintiff's Eighth Amendment condition of confinement claim against Defendant Lt. Mrad be dismissed, and that this Defendant be dismissed entirely from this case since there are no cognizable constitutional claims stated against him. Further, it is recommended that Plaintiff's Eighth Amendment excessive force claim,

---

[13]As discussed above, we will recommend that Plaintiff's Eighth Amendment conditions of confinement claims against Defendant Holt be allowed to proceed.

as well as his Eighth Amendment denial of medical care claim and his Eighth Amendment conditions of confinement claims against Defendant Holt regarding the alleged November 6, 2008 beating incident, the refusal of medical care incident, and the alleged November 6, 2008 order to SHU officers not to give Plaintiff any food or water for nine (9) days, as well as the refusal to allow Plaintiff to go outside for recreation and exercise for two months, be allowed to proceed.

Additionally, it is recommended that Plaintiff's Eighth Amendment denial of medical care claim against Defendant Dunbar with respect to the November 16, 2008 incident be dismissed. It is also recommended that Plaintiff's two Eighth Amendment conditions of confinement claims against Defendant Dunbar be allowed to proceed, namely, the claim with respect to the November 15, 2008 incident in which Plaintiff alleges that Dunbar instructed officers to put him in a strip cell naked in four point restraints attached to a bunk without a mattress for 96 hours, and the claim with respect to the alleged refusal by Defendants Holt and Dunbar to allow Plaintiff to go outside for recreation and exercise for two months, *i.e.* from November 6, 2008 through January 9, 2009.

Moreover, it is recommended that Plaintiff's First Amendment denial of access to the courts claim be dismissed as against Defendants Holt and Dunbar.

Finally, it is recommended that Plaintiff's case be recommitted to the undersigned for further proceedings.

        **s/ Thomas M. Blewitt**_____
        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**

**Dated: April 29, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARVIN JUNIUS SIMMONS, | : | CIVIL ACTION NO. **1:CV-10-0771** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| RONNIE HOLT, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **April 29, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                        s/ Thomas M. Blewitt
                                                        **THOMAS M. BLEWITT**
                                                        **United States Magistrate Judge**

**Dated: April 29, 2010**