IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARVIN JUNIUS SIMMONS, | : | CIVIL ACTION NO. **1:CV-10-0771** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| RONNIE HOLT, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

Plaintiff, Marvin Junius Simmons, formerly an inmate at USP-Canaan, Waymart, Pennsylvania[1], filed this *Bivens*[2] civil rights action, pursuant to 28 U.S.C. § 1331, on April 12, 2010. Plaintiff is proceeding *pro se*.

The matter is presently proceeding against the two remaining Defendants, Holt and Dunbar, with respect to only Plaintiff's Eighth Amendment claims against Defendant Dunbar arising out of the November 15, 2008 incident, and the claim against Defendants Holt and Dunbar for allegedly denying Plaintiff recreation/exercise privileges from November 6, 2008 to January 9, 2009. (*See* Doc. 9, May 21, 2010 Memorandum and Order of the District Court).

On May 24, 2010, we issued an Order directing service of Plaintiff's Complaint upon the remaining Defendants. (Doc. 10). On May 28, 2010, the envelope containing the copy of

---

[1] Plaintiff is now confined at USP-Allenwood.

[2] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).

our Doc. 10 Order which was addressed to Plaintiff at his address of record was returned as Undeliverable. (Doc. 11).

On July 23, 2010, defendants filed a motion for Extension of Time to Respond to Plaintiff's Complaint (Doc. 15).  The Motion was granted by our July 26, 2010 Order (Doc. 16), which afforded Defendants until October 4, 2010 to Respond to Plaintiff's Complaint.  On August 2, 2010, the envelope containing the copy of our Doc. 16 Order, which was addressed to Plaintiff at his address of record, was returned as Undeliverable. (Doc. 17).

On October 4, 2010, Defendants Holt and Dunbar filed a Motion to Dismiss and/or in the Alternative, for Summary Judgment. **(Doc. 18).**  On October 18, 2010, Defendants filed their Statement of Facts with Exhibits (Doc. 20) and Brief in support of the Doc. 18 Motion. (Doc. 21).[3]  Plaintiff's failure to timely file his brief in opposition to the Doc. 18 Motion resulted in the issuance of an Order on November 8, 2010, which directed Plaintiff to file his brief in opposition to the Motion on or by November 19, 2010.  (Doc. 22).  Said Order further advised Plaintiff that his failure to file a brief in opposition to Defendants' Motion would result in the motion being deemed unopposed and in a recommendation that the Motion to Dismiss or for Summary Judgment be granted without a merits analysis.

On November 17, 2010, the envelope containing the copy of the Doc. 22 Order, which was mailed to Plaintiff at his address of record, was returned as Undeliverable. (Doc. 23).  Thus, on December 7, 2010, we issued the following Order:

---

[3]Defendants served Plaintiff with their dispositive Motion, SMF and Brief at USP-Allenwood.

2

     1. The Clerk of Court is directed to serve a copy of this Order, together with the Standing Practice Order (Doc. 3) on the Plaintiff.

     2. Plaintiff is directed to file a brief in opposition to Defendants' Motion to Dismiss or for Summary Judgment (Doc. 18) on or by **December 17, 2010.**

     3. Failure to file a brief in opposition to Defendants' motion will result in the motion being deemed unopposed and will result in a recommendation that Defendants' Motion to Dismiss or for Summary Judgment be granted.

(Doc. 24).

Our Doc. 24 Order was not returned as undeliverable from Plaintiff, and we construe it as being received by Plaintiff. Plaintiff has not filed his brief in opposition to Defendants' Motion to Dismiss or for Summary Judgment as directed by our Doc. 24 Order. Nor has Plaintiff filed any document in response to our Doc. 24 Order.

The time in which Plaintiff was to have filed his opposition brief to Defendants' Motion to Dismiss or for Summary Judgment has now expired. The Court, *sua sponte*, gave the *pro se* Plaintiff more than an additional two weeks to file his opposition brief. The Plaintiff has neither filed his opposition brief nor requested an extension of time in which to do so. In fact, the Court has received no filings from the Plaintiff since he filed his Prisoner Authorization and Motion for Leave to Proceed *in forma pauperis* on April 19, 2010, more than eight months ago. (Docs. 5 and 6).

**II. Discussion.**

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added). In the instant case, Plaintiff Simmons has failed to both prosecute his action and to comply with the Orders of this Court by his failure to timely file his Brief in opposition to Defendants' Doc.

3

18 Motion to Dismiss and for Summary Judgment, and to file his response to Defendants' Statement of Material Facts as required by Local Rule 56.1, M.D. Pa.

Further, an unrepresented party must maintain on file with the clerk a current address; all documents served at the address on file shall be deemed to be effective service on that party. Rule 83.18, M.D. Pa. Rules of Court.

In the Standing Practice Order filed in this action on April 13, 2010, it is set forth that:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her address. Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

(Doc. 3, p. 4).

We shall recommend that this case be dismissed due to Plaintiff's failure to prosecute it and due to his failure to comply with this Court's Orders. Plaintiff Simmons should be deemed as abandoning his action. *See McCray v. Dauphin Co. Prison*, 2007 WL 431886 (M.D. Pa); *Nelson v. Berbanier*, 2006 WL 2853968 (M.D. Pa.).

Since we find that Plaintiff's conduct clearly shows that he intended to abandon his case, we do not find that an analysis of the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984), is required before recommending that this case be dismissed

under Rule 41(b). *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990)(the district court's requirement to perform an analysis under *Poulis* is obviated where Plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

Plaintiff Simmons has taken no action with respect to his case since April 19, 2010, when he filed his Prisoner Authorization and Motion for Leave to Proceed *in forma pauperis*, over eight (8) months ago. The behavior of Plaintiff constitutes a wilful failure to prosecute his case, as opposed to a situation in which he has had problems in pursuing his case but made efforts to comply with this Court's December 7, 2010 Order. Further, Plaintiff has failed to uphold his obligation to keep the Court apprised of his current address. We find that Plaintiff's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007).

In *Jackson v. Johnson*, 2006 WL 2136218, *1 (M.D. Pa.), the Court stated that "Fed. R. Civ. P. 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court."

The *Jackson* Court also stated:

> the factors set forth in *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 868 (3d Cir.1984) [are analyzed] to determine whether dismissal of the action is appropriate in this case. The *Poulis* factors the Court should consider are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis,* 747 F.2d at 868.

5

> We agree with the Magistrate Judge's determination that the Plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis,* and that Plaintiff's failure to comply with the Order of May 30, 2006 indicates that the Plaintiff has abandoned this lawsuit. Her inaction points to no other logical conclusion.

*Id*.

Thus, out of an abundance of caution, we also analyze the *Poulis* factors. We find Plaintiff's stated conduct in delaying his case to be attributable to him personally. Plaintiff was required to have filed his brief in opposition to Defendants' Motion to Dismiss and for Summary Judgment and his response to Defendants' Statement of Material Facts by December 17, 2010. As mentioned, we *sua sponte* afforded Plaintiff additional time of over two weeks within which to comply with the December 7, 2010 Order. Plaintiff has filed nothing in response to the stated Order, and he has not notified the Court that he intends to pursue his action or that he is having difficulty complying with the Order. Further, Plaintiff has failed to keep the Court apprised of his current address as required.

We find that Plaintiff has caused prejudice to Defendants since Defendants have been named in a federal lawsuit which is now pending for over eight months. While Plaintiff does not yet have a significant history of dilatoriness in this case, his present conduct in failing to prosecute his April 2010 case is nonetheless evidence of dilatoriness, especially since this case cannot proceed without his compliance with the December 7, 2010 Order.

Based on our discussion above, we find that the conduct of Plaintiff Simmons is wilful, especially since he has filed nothing with the Court in over eight months, since he has failed to respond to the December 7, 2010 Order, and since he has not contacted the Court to

explain why he has failed to comply with the Order or to provide his current address.  As stated, this case cannot proceed without Plaintiff's compliance with the Court's Order.

Thus, we find that the *Poulis* factors weigh in favor of dismissing this case without prejudice and that Plaintiff's failure to comply with the Court's Order demonstrates he has abandoned his case.

**III.  Recommendation.**

Based on the foregoing, it is respectfully recommended that the action be dismissed without prejudice on the basis of Plaintiff Simmons' failure to comply with the Court's Order.  It is also recommended that Plaintiff's case be dismissed without prejudice on the basis of his failure to prosecute his action.


                                                  **s/ Thomas M. Blewitt**
                                                  **THOMAS M. BLEWITT**
                                                  **United States Magistrate Judge**

**Dated: January 6, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARVIN JUNIUS SIMMONS, | : | CIVIL ACTION NO. **1:CV-10-0771** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| RONNIE HOLT, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 6, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                         **s/ Thomas M. Blewitt**
                                         **THOMAS M. BLEWITT**
                                         **United States Magistrate Judge**

**Dated: January 6, 2011**